MARY HOWELL, as Administratrix, etc., Respondent, v. THOMAS R. WRIGHT, Appellant.

*Court of Appeals, December 2, 1890.*

Affirming 45 Hun, 593, Mem.

1. *Appeal. Request to go to the jury.*—A request on the part of defendant to go to the jury upon a question of fact is too late, when made after each party had asked the court to direct a verdict in his favor, the court has directed a verdict for plaintiff, and defendant has moved for a new trial and his motion has been denied.

2. *Same.*—A defendant who has asked the court to pass upon a question of fact, which the jury may have properly considered, cannot, upon appeal to the court of appeals, complain of its determination, where it has support in the evidence.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon a verdict directed by the court, and an order denying a motion for a new trial.

*William R. Fuller*, for appellant.

*Giles S. Piper*, for respondent.

PARKER, J.—The action is founded upon a promissory note made and delivered by the defendant, which is in words and figures following, viz.:

" $1,535.55.

FULTON, OSWEGO COUNTY,
New York, Sept. 3, 1884.

" Six months after date I promise to pay Lorenzo Howell or bearer, fifteen hundred thirty-five and 55-100 dollars, at the residence of T. R. Wright in Oswego Falls, value received, with use.

" T. R. WRIGHT."

The defense interposed was that the note was without consideration and that it was available against the plaintiff because the transfer of the note to him took place after its maturity. The trial court directed a verdict for the plaintiff. The defendant's position on this appeal is stated in the appellant's points in the following language: " The court erred in ordering a verdict for the plaintiff, in refusing defendant's request to leave to the jury the question whether there was a valid consideration for the note and whether the payee transferred the note to the plaintiff before maturity. If there was evidence sufficient to authorize the submission to the jury of the question of consideration, then both questions should have been submitted and the judgment should be reversed and a new trial granted. Otherwise the judgment should be affirmed."

But this question is not before us if there was evidence authorizing that the note was given upon sufficient consideration, for, when the evidence closed, plaintiff moved for a direction of the verdict, and the defendant also assumed that as to the consideration there was no question for the jury, for he too requested the court " to charge the jury to render a verdict in favor of the defendant." The court thereupon directed a verdict, but in favor of the plaintiff.

After the verdict had been rendered, the defendant moved for a new trial, which was denied. Then, and for the first time, the defendant asked to go to the jury upon the question of consideration. His request was too late,

and the exception taken presents no question for review. There was evidence to support the determination of the court that the note was given upon a sufficient consideration.

The note recites that it was given for value, and therefore furnishes *prima facie* evidence of a valid consideration. And the testimony of the defendant was to the effect that he told the payee that " he would give him a note for the other half of the indebtedness he didn't get at the bank, and then gave the note in suit as he said he would, which note is dated on the day that the transfer of the notes by Howell to the bank was made.

His testimony, considered in connection with the other facts and circumstances, permits the inference that the payee consented to part with the notes which he then had for half their face value at the request of the defendant, and on condition that he should receive the note in suit, and that he did so rely upon the promise of the defendant to give the note.

As the facts to which we have briefly alluded were to some extent controverted, the defendant insisting that he did not make the promise before the sale of the notes, a question was presented which the jury might properly have considered, but the defendant having asked the court to pass upon it, cannot now complain inasmuch as the determination of the court has support in the evidence.

The judgment should be affirmed.

All concur, except FOLLETT, Ch. J., and VANN, J., not sitting.